**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

OLD BRIDGE BOARD OF EDUCATION,

    Plaintiff,

v.

R.D. O/B/O D.D.,

    Defendants.

Civil Action No. 15-3886 (MAS) (DEA)

**MEMORANDUM OPINION**

**SHIPP, District Judge**

    This matter comes before the Court on Plaintiff Old Bridge Board of Education's ("Plaintiff") request for an order to show cause and emergent relief. (ECF No. 1-4.) Through the order to show cause, Plaintiff seeks relief from the May 19, 2015 order and decision of the Honorable Michael Antoniewicz, A.L.J., declaring, on an application for emergency relief, that Plaintiff must fully fund D.D.'s placement at the New Haven School for Girls until the issuance of a decision on the merits ("May 19 Order"). As it has not yet exhausted its administrative remedies, Plaintiff seeks an interlocutory appeal of Judge Antoniewicz's decision. The Court requested briefing from the parties regarding whether this Court has jurisdiction to hear Plaintiff's request for emergent relief. (ECF No. 3.)

    In response, Defendants R.D. on behalf of D.D. ("Defendants") opposed Plaintiff's request for emergent relief and cross-moved to dismiss Plaintiff's Verified Complaint ("Complaint") for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. (ECF No. 4.) The Court has carefully considered the parties' submissions and decides

the matter without oral argument pursuant to Local Civil Rule 78.1. For the reasons stated below, the Court denies Plaintiff's request for emergent relief and grants Defendants' motion to dismiss.

## I. Background

D.D. is a fifteen year-old child residing within the Old Bridge School District who is eligible for special education and related services pursuant to the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. §§ 1400-1450. (Compl. ¶¶ 2, 4, ECF No. 1.) D.D. has been diagnosed with Attention Deficit Hyperactivity Disorder ("ADHD"), an unspecified mood disorder, Oppositional Defiant Disorder ("ODD"), and disruptive mood dysregulation with a possibility of a future diagnosis of bipolar disorder. (*Id.* ¶ 3.)

Prior to determining D.D.'s eligibility for special education, in March 2015, Defendants filed their first emergent petition for due process with the Office of Special Education Programs seeking, among other things, classification and placement in an appropriate residential program. (*Id.* ¶¶ 7, 9-10.) The matter was transmitted to the Office of Administrative Law and assigned to Judge Antoniewicz. (*Id.* ¶ 11.) After a hearing, Judge Antoniewicz issued a decision and order, dated April 14, 2015, instructing the parties to meet and select an appropriate residential placement from the New Jersey Department of Education placement list. (*Id.* ¶ 12.) The parties did not agree on a residential placement, and on May 13, 2015, Defendants filed a second emergent petition for due process with Judge Antoniewicz requesting an order immediately placing D.D. at the New Haven School For Girls in Spanish Fork, Utah ("New Haven School"). (*Id.* ¶ 29.) Following a hearing and oral argument, Judge Antoniewicz issued the May 19 Order, granting D.D.'s request for emergent relief and ordering that "D.D. attend the New Haven School in Spanish Fork, Utah" and that Plaintiff "fully fund D.D.'s placement . . . until the issuance of the decision on the merits." (Compl., Ex. D ("May 19 Order") 8, ECF No. 1-1.) Following Judge Antoniewicz's decision, on

June 10, 2015, Plaintiff filed a Complaint in this Court seeking "interlocutory appeal" from the May 19 Order.

## II. Legal Standard

The IDEA provides for a "free appropriate public education" for all special needs children and establishes an elaborate procedural mechanism to protect the rights of those children. 20 U.S.C. § 1412. "One procedural safeguard is the right to a due process hearing before an administrative official." *Komninos by Komninos v. Upper Saddle River Bd. of Educ.*, 13 F.3d 775, 778 (3d Cir. 1994). Thus, claims brought pursuant to the IDEA must be exhausted prior to the filing of a civil suit pursuant to 20 U.S.C. § 1415(l), which provides:

> Nothing in this chapter shall be construed to restrict or limit the rights, procedures, and remedies available under the Constitution, the Americans with Disabilities Act of 1990 [42 U.S.C.A. § 12101 et seq.], title V of the Rehabilitation Act of 1973 [29 U.S.C.A. § 791 et seq.], or other Federal laws protecting the rights of children with disabilities, except that before the filing of a civil action under such laws seeking relief that is also available under this subchapter, the procedures under subsections (f) and (g) shall be exhausted to the same extent as would be required had the action been brought under this subchapter.

20 U.S.C. § 1415(l); *see also R.R. v. Manheim Twp. Sch. Dist.*, 412 F. App'x 544, 548 (3d Cir. 2011) (holding, based on this language, to the extent that any claim seeks relief that is available under the IDEA, the IDEA's administrative remedies must be exhausted before such an action is brought).

The Third Circuit determined that "it is clear from the language of the Act that Congress intended plaintiffs to complete the administrative process before resorting to federal court." *Komninos*, 13 F.3d at 778. In *Komninos*, the Third Circuit relied on Supreme Court precedent for the proposition that permitting a claim prior to exhaustion would "render superfluous . . . the detailed procedural protections . . . in the statute" and "run counter to Congress' view that the needs of handicapped children are best accommodated by having the parents and the local

education agency work together to formulate an individualized plan for each . . . child." *Id.* (citing *Smith v. Robinson*, 468 U.S. 992, 1011-12 (1984)). The *Komninos* Court characterized the significance of administrative exhaustion as follows:

> Disruption and interference with the state proceedings can have serious adverse effects. For instance, the duplication of effort in evaluating the same areas of controversy is a substantial detriment to consistency and procedural efficiency. Factors such as these counsel district courts to avoid premature intervention. The vitality of the carefully conceived administrative procedure, providing as it does for active, intense participation by parents, educational authorities, and medical personnel, must be preserved . . . .

*Id.* at 779.

Although § 1415 grants subject matter jurisdiction to the district courts, a plaintiff must demonstrate the applicability of one of the four narrow exceptions to the IDEA's statutory exhaustion requirement before a district court can have jurisdiction over an interlocutory decision. *Id.* at 778. To excuse the failure to exhaust such remedies, the plaintiff bears the burden to establish any of the following exceptions: (1) "where the issue presented is purely a legal question"; (2) "where exhaustion would be futile or inadequate"; (3) "when exhaustion would work 'severe or irreparable harm' upon a litigant"; or (4) "where the administrative agency cannot grant relief." *Beth V. by Yvonne V. v. Carroll*, 87 F.3d 80, 88-89 (3d Cir. 1996) (internal quotation marks omitted).

"In the context of an IDEA claim, the exhaustion of administrative remedies is a jurisdictional matter and is resolved pursuant to a motion brought under Rule 12(b)(1)." *H.A. v. Teaneck Bd. of Educ.*, No. 09-3301, 2010 WL 891830, at *4 (D.N.J. March 10, 2010). "In evaluating a Rule 12(b)(1) motion, a court must first determine whether the movant presents a facial or factual attack." *In re Schering Plough Corp. Intron/Temodar Consumer Class Action*, 678 F.3d 235, 243 (3d Cir. 2012) (citing *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884,

4

891 (3d Cir. 1977)). A facial attack takes the facts in the pleadings as true, construed in the light most favorable to the plaintiff, and determines therefrom whether jurisdiction exists. *See Gould Elecs. Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000), *modified*, *Simon v. United States*, 341 F.3d 193 (3d Cir. 2003); *see also Mortensen*, 549 F.2d at 891; *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992). A factual attack, on the other hand, allows the district court to consider evidence outside the pleadings, to which "no presumptive truthfulness attaches," weigh evidence, and shift the burden of proving jurisdiction onto the plaintiff. *Mortensen*, 549 F.2d at 891. "Moreover, in resolving such jurisdictional questions, the court is not confined to the face of the pleadings and may properly consider matters outside the pleadings such as affidavits and other material properly before the court without converting the motion into a Rule 56 summary judgment motion." *Courtney v. Choplin*, 195 F. Supp. 2d 649, 650 (D.N.J. 2002).

### III. <u>Analysis</u>

Plaintiff's instant request, as well as its Complaint, seeks the following emergent relief: "(1) reversal of the May 19, 2015 order and decision of [Judge] Antoniewicz . . . ; and (2) a declaration that Defendants are not entitled to an order requiring Plaintiff to immediately arrange for and fully fund D.D.'s placement at the New Haven School for Girls in Spanish Fork, Utah." (Pl.'s Moving Br. 1, ECF No. 1-7; Compl. 10, 13.) Specifically, Plaintiff argues this Court has subject matter jurisdiction over this appeal even though administrative remedies have not been exhausted because: (1) the issue presented is purely a legal question; (2) exhaustion would be futile; and (3) exhaustion would work severe or irreparable harm on Plaintiff. (Pl.'s Moving Br. 9, 11, 13.) The Court will address each argument in turn.

### A. Purely Legal Question

If the issues presented to this Court are purely legal questions, then the exhaustion of administrative remedies requirement does not apply. Specifically, Plaintiff asserts that the following issues submitted for this Court's consideration are purely legal questions: (1) "whether D.D. is entitled to a residential placement funded by the Board pursuant to the IDEA," and (2) "the closely related legal question of whether Defendants established a reasonable likelihood of success on the merits of their claim that such an entitlement exists."[1] (Pl.'s Moving Br. 9.) In response, Defendants argue that there are factual issues inherent in the claims and relief sought by Plaintiff, and therefore, the exception to the exhaustion requirement has not been satisfied. (Defs.' Opp'n Br. 10, ECF No. 4-1.)

The purely legal exception to exhaustion is derived from the futility exception. *See Lester H. by Octavia P. v. Gilhool*, 916 F.2d 865, 869 (3d Cir. 1990) ("The basis for the district court's futility finding is that the issues involved here were purely legal, not factual."); *Kristi H. ex rel. Virginia H. v. Tri-Valley Sch. Dist.*, 107 F. Supp. 2d 628, 633 (M.D. Pa. 2000) ("The basis for the exception regarding purely legal questions is futility."). This is because exhaustion is required "where the peculiar expertise of an administrative hearing officer is necessary to develop a factual record." *Lester*, 916 F.2d at 869. If no factual record needs to be developed and no evidentiary disputes remain, i.e., the matter is purely legal, "the court can and should decide legal issues." *Id.*;

---

[1] In its reply brief/opposition brief to Defendants' cross-motion, Plaintiff attempts to restate the relief it is requesting to include "(3) a remand to the OAL for application of the correct legal standard." (Pl.'s Reply Br. 9, ECF No. 5.) This relief is not requested by Plaintiff in either its Complaint or request for emergent relief, and contradicts the relief sought by Plaintiff in both (i.e., "a declaration that Defendants are not entitled to an order requiring Plaintiff to immediately arrange for and fully fund D.D.'s placement at the New Haven School for Girls in Spanish Fork, Utah."). Additionally, the change in the requested relief, does not change the underlying issue Plaintiff seeks to have this Court address before its administrative remedies are exhausted.

6

*L.V. ex rel. G.V. v. Montgomery Twp. Sch. Dist. Bd. of Educ.*, No. 13-2595, 2013 WL 2455967, at *3 (D.N.J. June 5, 2013) (holding that the decision regarding the proper placement for a child pursuant to the IDEA was "necessarily [a] factbased determination[]"); *A.H. ex rel. M.H. v. N.J. Dep't of Educ.*, No. 05-3307, 2006 WL 3359644, at *5 (D.N.J. Nov. 20, 2006) (holding that the district court is "not best equipped" to determine whether a child's placement pursuant to the IDEA was proper).

In the present case, the primary issue is whether D.D. is entitled to a residential placement at the New Haven School at Plaintiff's expense. The Court disagrees with Plaintiff that only a question of law is at issue here. The issue is partially legal (i.e., the appropriate standard to be applied to determine if a school district should be held financially responsible for the residential placement of a student); however, to grant the relief Plaintiff is seeking, the factual question of why D.D. needs a certain residential placement must be addressed. In other words, it would not be enough for the Court to find as a matter of law whether Judge Antoniewicz applied the correct law regarding Plaintiff's obligation to fund D.D.'s placement in determining whether Defendants established a reasonable likelihood of success on the merits in their emergent petition; the Court would then have to address and weigh the reasoning submitted by the parties' competing experts' opinions to determine the primary purpose for the residential placement (i.e., educational, medical, social, psychological, or emotional). Therefore, Plaintiff has not carried its burden in establishing that there is only a purely legal question before this Court, and this exception to exhaustion is inapplicable.

**B.    Futility**

If exhaustion would be futile, then the exhaustion of administrative remedies requirement does not apply. "[I]n discussing the futility exception the Third Circuit has focused on instances

where plaintiffs 'allege systemic legal deficiencies and, correspondingly, request system-wide relief that cannot be provided (or even addressed) through the administrative process.'" *MG ex rel. LG v. Caldwell-W. Caldwell Bd. of Educ.*, 804 F. Supp. 2d 305, 314 (D.N.J. 2011) (quoting *Beth V.*, 87 F.3d at 89). "Mere disagreement with the outcome of an ALJ's interim decisions in the administrative hearing process is insufficient to satisfy the futility exception." *L.V.*, 2013 WL 2455967, at *4 (citing *J.T. ex rel. A.T. v. Dumont Pub. Sch.*, 533 F. App'x 44 (3d Cir. 2013)). Here, Plaintiff argues that exhaustion would be futile and inadequate because Judge Antoniewicz already granted Defendants' petition for emergent relief and compliance would be costly. (Pl.'s Moving Br. 11-12.) This is not a proper futility argument; rather, Plaintiff's futility argument is merely a recasting of its irreparable harm argument and disagreement with the May 19 Order. Therefore, Plaintiff has not carried its burden in establishing that exhaustion would be futile, and this exception to exhaustion is inapplicable.

### C. Severe or Irreparable Harm

If Plaintiff can demonstrate that exhaustion would work a severe or irreparable harm, then the exhaustion of administrative remedies requirement does not apply. The Third Circuit, however, in adopting this exception "caution[ed] that it is to be sparingly invoked." *Komninos*, 13 F.3d at 779. Usually, in order to make out a claim of irreparable harm, a party "must provide a sufficient preliminary showing that the child will suffer serious and irreversible mental or physical damage (e.g., irremediable intellectual regression) before the administrative process may be circumvented." *Id.* Here, however, it is the school district arguing it will be irreparably harmed by having "to provide hundreds of thousands of dollars in immediate funding for a residential placement in Utah" that includes "the current school year, the 2015-2016 school year, and potentially future school years." (Pl.'s Moving Br. 14.) Without providing any support from case

law, Plaintiff argues that its funding of D.D.'s placement at the New Haven School constitutes severe and irreparable harm. (*Id.*) The Court does not agree. Plaintiff's unsupported contention is speculative at best. D.D. is entitled to a free and appropriate public education, and the May 19 Order is only an interim order pending a final resolution on the merits. Judge Antoniewicz clearly stated that his decision would only "remain in effect until the issuance of a decision on the merits in this matter." (May 19 Order 8.) Therefore, Plaintiff has not carried its burden in establishing that exhaustion would work a severe or irreparable harm, and this exception to exhaustion is inapplicable.

## IV. Conclusion

For the reasons set forth above, Plaintiff has not demonstrated that this Court has jurisdiction to entertain the instant controversy; Plaintiff's request for emergent relief is denied, and Defendants' motion to dismiss for lack of subject matter jurisdiction is granted. An order consistent with this Memorandum Opinion will be entered.

/s/ Michael A. Shipp
MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE

Dated: July 21st, 2015